On The Merits

Plaintiff attached to his petition a statement of defendant’s account (which was subsequently offered in evidence). With regard to this statement we find on page four of the transcript the following stipulation betwen plaintiff’s attorney, Mr. Joseph W. Nelkin and defendant’s attorney, Mr. Seelig:

BY MR. NELKIN:

“It is stipulated and agreed by and between counsel for plaintiff and counsel for defendant, that the account attached to the petition represents the policies issued by Nelkin Insurance Agency to Mr. Nathan Lomm and that the premiums charged and the credits given accurately reflect the account as of June 17, 1966.”

BY MR. SEELIG:

“That is correct.”
Evidently counsel for the parties did not consider that this stipulation meant anything more than the policies therein referred to were issued by plaintiff to Mr. Lomm, the premiums charged therefor were correctly calculated, and that the credits shown thereon were correct. They could not have considered that the balance shown by the account was due and owing by Mr. Lomm, because Mr. Lomm was permitted without objection to testify that he did not owe certain of the items appearing thereon. Moreover no mention of this stipulation is made in the briefs filed by either party.
The testimony adduced by the parties is most confusing. As the Trial Court remarked: “There seems to be a lot of conflicting testimony in the record in this case, and a lot of animosity existing between both plaintiff and defendant * * * ”
However it is clear from the record that plaintiff issued and delivered to defendant at his request policies covering two separate residences in Abita Springs, Louisiana, and a Homeowner’s Policy on a residence in New Orleans. Plaintiff also issued at defendant’s request and delivered to him a fleet automobile policy. The policies were issued and delivered to defendant at various times but all were issued and delivered prior to September 8, 1965. On September 8, 1965 defendant addressed a letter to plain *711 tiff requesting that all of his insurance policies be cancelled forthwith. This letter was introduced in evidence hut is not in the record and apparently was never filed with the Clerk of the Trial Court. However plaintiff admitted receipt of the letter and there is no dispute as to its contents. Following receipt of the letter plaintiff on September 9, 1965 cancelled the Homeowner’s Policy on the New Orleans residence and credited defendant with the amount of the return premium but did not cancel the policies on the two residences in Abita Springs. On the contrary he carried these two policies in full force and effect and on October 17, 1965 charged defendant’s account with $111.00 for an anniversary premium on one of the Abita Springs residences and charged his account on January 7, 1966 with $64.00 on the other. (We shall discuss the fleet automobile policy separately).
From this point on the testimony is conflicting and confusing. Plaintiff and defendant were the only witnesses who testified in the case.
Plaintiff testified that upon receipt of defendant’s letter of September 8, 1965 he talked to defendant on the telephone and explained to him that it was against his policy to cancel any policy of insurance where there were any outstanding claims against it and since there were outstanding claims against both Abita Springs policies they should not be cancelled. Plaintiff further testified that defendant thereupon agreed that he should keep the policies in effect and told him to disregard the letter of cancellation. Defendant emphatically denied that such a telephone conversation took place and further denied that he and plaintiff ever had any telephone conversations or any other communication with each other on the subject matter. Defendant further testified that after writing the letter of September 8, 1965 he procured substitute policies on the Abita Springs residences through another insurance agency.
Defendant does not contend that his letter of September 8, 1965 requested cancellation of the fleet automobile policy. He contends that the letter referred only to “his policies” and that the fleet automobile policy was not his policy but was a policy issued to a corporation called “Southern Sales Material Corporation” of which he was general manager. He testified that he requested issuance of the policy in his corporate capacity and did not agree to be personally bound for the premium.
When asked in whose name the fleet policy was issued plaintiff first testified it was written in the name of “Southern Sales Material Corporation.” When again questioned on this point he stated: “I think it was to Nathan Lomm, doing business as Southern Sales and Material Corporation.” None of the policies are in the record.
On cross-examination of defendant, plaintiff’s counsel made an effort to show that Southern Sales and Material Corporation did not exist as a corporation when the policy was issued. Defendant’s answers were evasive but he “guessed” that the corporation was chartered prior to the issuance of the policy. There the matter stood as far as the Trial Court was concerned. However plaintiff’s counsel attached to his brief in this Court a reduced photo-copy of the certificate of incorporation of Southern Sales Material Corporation evidencing that the act of incorporation was passed before a notary public of Orleans Parish on September 3, 1965 and was recorded in the Mortgage Records of that Parish on September 9, 1965 “at 10:40 A.M., the date and hour when corporate existence began.” Defendant’s counsel in argument before us agreed and stipulated that that was the date of incorporation. The fleet automobile policy was issued on May 18, 1965, some months prior thereto.
The fleet automobile policy was cancelled by plaintiff on January 9, 1966, not as a result of defendant’s letter of cancellation *712 of September 8, 1965 but for non-payment of premiums. Defendant’s account was duly credited with the return premiums.
In our opinion plaintiff bore the burden of showing by convincing evidence that defendant had withdrawn his written request for cancellation of the policies and had agreed that the policies be continued in full force and effect. Plaintiff, in our opinion, has not successfully sustained this burden.
In his written “Reasons for Judgment” the Trial Judge held that “* * * plaintiff failed to prove his case * * * ” We agree with this holding to the extent that plaintiff failed to prove that he is entitled to recover the anniversary premiums of $111.00 and $64.00 on the policies covering the Abita Springs residences. However in our opinion plaintiff is entitled to recover all of the other items on the account.
The policies on the three residences were issued at defendant’s request and although the residences stood in the name of defendant’s wife he had for many years handled the insurance thereon and paid the premiums. The fleet automobile policy was ordered by defendant and whether he caused it to be written in his name or in the name of a non-existent corporation he is responsible for payment of the premium thereon. The account attached to plaintiff’s petition reflects that defendant has been credited with all return premiums due him and with all payments made by him thereon. We find that plaintiff is entitled to a judgment for the $488.49 (sic) balance due as shown by the account less $175.00 representing the anniversary premiums charged on the two Abita Springs residential policies or a net amount of $313.49.
The judgment appealed from rejected all of defendant’s counter-claims and since he has neither appealed nor answered the appeal we cannot amend the judgment to his advantage.
For the foregoing reasons that portion of the judgment appealed from which rejected plaintiff’s demands and dismissed his suit is reversed and judgment is now rendered in favor of Meyer Nelkin, d/b/a Nelkin Insurance Agency, plaintiff herein, and against the defendant, Nathan Lomm, in the full sum of $313.49 together with interest thereon at the legal rate from date of judicial demand until paid and for all costs incurred in the Trial Court. In all other respects the judgment appealed from is affirmed. Costs of this appeal shall be borne by defendant-appellee.
Affirmed in part; reversed in part and rendered.